UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

TRUSTEES OF THE PENSION FUND OF LOCAL NO. ONE, I.A.T.S.E.,

                Plaintiff,

              - v -

DENNIS ROBBINS, and MARY ELLEN SANCHEZ,

                Defendants.
--------------------------------------------------------X

File No.: 23-CV-124 (JPO)

**AMENDED**

**DOMESTIC RELATIONS ORDER**

This Amended Domestic Relations Order supersedes the original Domestic Relations Order previously signed by the Honorable John F. Malone, J.S.C. of the Superior Court of New Jersey, Union County, filed on March 7, 1995.

This Amended Domestic Relations Order ("Order") creates and recognizes the existence of an Alternate Payee's right to receive a portion of the Participant's benefits payable under an employer-sponsored defined benefit plan, which is qualified under Section 401 of the Internal Revenue Code ("the Code"). This Order is intended to constitute a Qualified Domestic Relations Order ("QDRO") under Section 414(p) of the Code and Section 206(d) of the Employee Retirement Income Security Act of 1974 ("ERISA") and shall be interpreted and administered in conformity with such laws.

This Order is made pursuant to the applicable domestic relations laws of the State of New Jersey, which relate to marital property rights, child support, and/or spousal support between spouses and former spouses in matrimonial actions.

1

1. **PLAN**

    This Order applies to the **Pension Fund of Local No. One, I.A.T.S.E.** (the "Plan"). Any successor to this Plan shall also be subject to the terms of the Order.

2. **PARTICIPANT**

    The name, address, Social Security Number, and date of birth of the Participant are as follows:

    Name:           Dennis Robbins

    Address:        43-11 49th Street, Apt #4B, Sunnyside, New York 11104

    Social Security Number:      ###-##-5430

    Date of Birth:          August 25, 1953

    The Participant shall have the duty to notify the Plan in writing of any changes in his mailing address subsequent to the entry of this Order.

3. **ALTERNATE PAYEE**

    The person named as Alternate Payee meets the requirements of the definition of Alternate Payee as set forth below. The Alternate Payee's name, address, Social Security Number, date of birth, and relationship to the Participant are as follows:

    Name:           Mary Ellen Robbins, n/k/a Mary Ellen Sanchez

    Address:        7402 Clarence Avenue, Chicago, Illinois 60631

    Social Security Number:      ###-##-____

    Date of Birth:          February 4, 1956

    Relationship to Participant:    Former Spouse

    The Alternate Payee shall have the duty to notify the Plan in writing of any changes in her mailing address subsequent to the entry of this Order.

**4.** **DEFINITIONS**

| | |
|---|---|
| **Plan Administrator** | **Board of Trustees of the Pension Fund of Local No. One, I.A.T.S.E..** The address of the Plan Administrator is 320 West 46th Street, 6th Floor, New York, NY 10036. |
| **Alternate Payee** | The Alternate Payee is a spouse or former spouse of the Participant who is recognized by a domestic relations order as having the right to receive all or a portion of the benefits payable under the Plan with respect to the Participant. |

**5.** **BENEFIT PAYABLE TO THE ALTERNATE PAYEE**

This Order assigns to the Alternate Payee an amount equal to 50% of the Participant's pension benefit earned under the Plan (identified in Section 1) from the parties' date of marriage, that being September 13, 1982, until July 12, 1991.

Any actuarial reduction that might be necessary to base the Alternate Payee's benefit on the Alternate Payee's lifetime should be applied to the Alternate Payee's benefit.

**6.** **FORM OF PAYMENT**

The portion of the Participant's Accrued Benefit assigned by this Order to the Alternate Payee shall be paid to the Alternate Payee for the Alternate Payee's lifetime in any form available in accordance with the provisions of the Plan. However, the Alternate Payee's benefits may not be paid as a joint and survivor annuity naming the Alternate Payee's subsequent spouse as the survivor.

**7.** **COMMENCEMENT**

The Alternate Payee may choose to begin receiving her benefit payments at any time on or after the Participant attains the earliest retirement age under the Plan, as the Alternate Payee selects. Prior to commencement of the Alternate Payee's benefit payments, the Alternate Payee must submit a completed application on the forms required by the Plan Administrator.

**8. DEATH PROCEDURES**

The benefit assigned to the Alternate Payee is calculated as a separate interest benefit over her lifetime. The benefit awarded under this Order will not change if the Participant dies prior to the Alternate Payee. However, based upon the Plan's default, in the event the Participant's pre-retirement death terminates the Alternate Payee's right to receive the benefit assigned above, the Alternate Payee shall not be considered the surviving spouse for the Qualified Pre-Retirement Survivor Annuity.

The death of the Participant after the benefits are in pay status to the Alternate Payee shall have no effect on the payment of the benefit assigned by this Order to the Alternate Payee.

If the Alternate Payee dies prior to the commencement of the Alternate Payee's benefit, the assigned benefit will become payable to the Alternate Payee's designated beneficiary if allowed under the rules of the Plan, otherwise, the benefit shall revert to the Participant.

If the Alternate Payee dies after the Alternate Payee's benefits commence, death benefits, if any, will be paid in accordance with the form of payment elected by the Alternate Payee at commencement.

**9. RETENTION OF JURISDICTION**

The Court shall retain jurisdiction with respect to this Order to the extent required to maintain its qualified status and the original intent of the parties as stipulated herein.

**10. LIMITATIONS**

Pursuant to Section 414(p)(3) of the Code and except as provided by Section 414(p)(4), this Order:

(i) Does not require the Plan to provide any type or form of benefit, or any option, not otherwise provided under the Plan;

(ii) Does not require the Plan to provide increased benefits on the basis of actuarial value; and

(iii) Does not require the payment of benefits to an Alternate Payee which are required to be paid to another alternate payee under another order previously determined to be a qualified domestic relations order.

11. **TAXATION**

For purposes of Sections 402 and 72 of the Code, any Alternate Payee who is the spouse or former spouse of the Participant shall be treated as the distributee of any distribution or payments made to the Alternate Payee under the terms of the Order and, as such, will be required to pay the appropriate federal, state, and local income taxes on such distributions.

12. **CONSTRUCTIVE RECEIPT**

In the event the Plan inadvertently or otherwise pays to the Participant or the Alternate Payee any benefits that are assigned to the other party, the receiving party shall promptly contact the Plan and take any action necessary to rectify the error, in accordance with the Plan's procedures regarding incorrect distributions.

13. **EFFECT OF PLAN TERMINATION**

If the Plan is terminated, whether on a voluntary or involuntary basis, and the Participant's benefits become guaranteed by the Pension Benefit Guaranty Corporation (PBGC), the Alternate Payee's benefits, as stipulated herein, will also be guaranteed to the same extent in accordance with the Plan's termination rules and in the same ratio as the Participant's benefits are guaranteed by the PBGC.

14. **CERTIFICATION OF NECESSARY INFORMATION**

All payments made pursuant to this Order shall be conditioned on the certification by the Alternate Payee and the Participant to the Plan Administrator of such information as the Plan Administrator may reasonably require from such parties to make the necessary calculation of the benefit amounts contained herein. Payment of any amount shall be contingent upon the completion of such documentation and procedures as the Plan Administrator shall reasonably require.

*The Clerk of Court is directed to close this case.*

Dated this 6th day of August, 2024
New York, New York

SO ORDERED:

_____
J. PAUL OETKEN
United States District Judge